No. 8.—JOHN DOE, *ex dem,* ISHMAEL DUNN, *et al.* plaintiffs in error, *vs.* RICHARD ROE, cas. ejector, and ROBERT DYSON, defendant in error.

Service on tenant in possession of land, living out of the county in which the land lies, held good under the circumstances of the case.

Ejectment in Terrell Superior Court. Decision by Judge KIDDOO, March 1857.

This was an action of ejectment. Upon the case being called for trial, defendant moved to dismiss the action upon the grounds:

1st. That at the time of bringing suit defendant was a resident of Randolph county, and not of Lee, where the action was originally brought, and the land situated.

2d. That the Clerk of Lee Superior Court, in which county the land in dispute was situated—(the defendant being a non-resident of said county, although in the adverse possession of the land,) had no authority to issue process directed to the Sheriff of Randolph county, and said Sheriff had no authority to serve the same.

The Court sustained the motion and was about to dismiss the action, when plaintiff moved to perfect service upon

the defendant, by order of the Court, he being then a citizen of Terrel county, having been cut off from Randolph into Lee county, and then into Terrel, and this cause being transferred to Terrel from Lee Superior Court, the land in dispute being situated in that part of Lee now embraced in Terrel county.

The Court refused the motion and plaintiff excepted.

HAWKINS, for plaintiffs in error.

LYON & IRWIN, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

Trespass in ejectment is an action respecting the title to land, and, by the Constitution, must be tried in the county where the land lies.   As the land at the time of bringing suit lay in the county of Lee, the Superior Court of that county alone had jurisdiction of the case.   The defendant resided in the county of Randolph.   This Court decided, in the case of *Dickinson vs. Allison*, 10. *Ga. Rep.* 558, that the right to issue process and bring the defendant before Court is incident to the jurisdiction.   This suit could not have been instituted in the county of the defendant's residence.   There can be no doubt but if there had been a tenant in possesion of the land, that a service upon him would have been good. In England, the service of the declaration must be personal on the tenant, and on the land, but there are exceptions to this rule there.   *Adams on Ejectment* 258 *et seq.*; *old paging* 189.   Personal service is not required here.   When the premises are vacated and wholly deserted, and the plaintiff's lessor *knew where the tenant lived,* the ancient mode of effecting service in cases where the premises were vacated will not do, and a judgment obtained on such service, would be set aside.   *Ib.* 221; *old paging* 157.   If the plaintiff's lessor knew where the tenant lived, of course he

must be served. We see no reason why in a case like that presented in this record, the tenant under the mode of proceeding in ejectment cases in this State, should not have been served as this defendant was. The judgment of the Court below must therefore be reversed.

Judgment reversed.